**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| DAVID M. COLBURN, ERIC L. KELLER JAMES F. MacGUIDWIN, and JAY B. RAPPAPORT, | |
| Defendants. | |



C.A. No. 08-\_\_\_\_



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/18/08

## FINAL JUDGMENT AS TO DEFENDANT DAVID M. COLBURN

The Securities and Exchange Commission having filed a Complaint and Defendant David

M. Colburn having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction, to which

Defendant consents); waived findings of fact and conclusions of law; and waived any right to

appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact

            necessary in order to make the statements made, in the light of the circumstances

            under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would

            operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact

            or any omission of a material fact necessary in order to make the statements

2

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified, any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by knowingly providing substantial assistance to any person that, violates, directly or indirectly, those provisions, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

3

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

### V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules

12b-20, 13a-1, 13a-11, 13a-13, and 13b2-1 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11,

240.13a-13, and 240.13b2-1], by knowingly providing substantial assistance to an issuer that

files with the Commission any periodic report or statement pursuant to Section 13(a) of the

Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act rules and regulations, which contains any

untrue statement of material fact, or which omits to state a material fact necessary in order to

make the statements made, in the light of the circumstances under which they were made, not

misleading, or which fails to comply in any material respect with the requirements of Section

13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations thereunder.

### VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

4

service or otherwise are permanently restrained and enjoined from aiding and abetting any

violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by

substantially assisting the failure by any issuer which has a class of securities registered pursuant

to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] to make and keep books, records, and

accounts, which, in reasonable detail, accurately and fairly reflect the transactions and

dispositions of the assets of the issuer.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to

Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities

Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for ten years following the date of entry of

this Final Judgment, from acting as an officer or director of any issuer that has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is

required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant is liable for disgorgement of $2,563,289, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$658,818, and a civil penalty in the amount of $750,000 pursuant to Section 21(d) of the

Exchange Act. Defendant shall satisfy this obligation within ten business days by: (a) by

forgoing all legal and equitable right, title, and interest in a deferred compensation with a present

balance of $3,331,719.88; and (b) paying to the Clerk of this Court an amount equal to the

settlement amount, $3,972,107, less the final balance of the aforementioned deferred

compensation account, together with a cover letter identifying David M. Colburn as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment and simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Upon the above-referenced actions, Defendant relinquishes or forgoes all legal and equitable right, title, and interest in such funds and account. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based

on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant shall within ten (10) business days relinquish all legal and equitable rights, title, and interest in any bonus or deferred compensation related to his employment for the years 2000 through 2002, and simultaneously transmit to the Commission's counsel in this action photocopies of the documents evidencing such action.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

7

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: 06/18 /2008

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

DAVID M. COLBURN, ERIC L. KELLER
JAMES F. MacGUIDWIN, and JAY B.
RAPPAPORT,

Defendants.



08 CV 4611



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/18/08

## CONSENT OF DEFENDANT DAVID M. COLBURN

1.      Defendant David M. Colburn ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a)      permanently restrains and enjoins Defendant from violations of Section
> 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §
> 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the
> "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rules 10b-5 and

13b2-1 [17 C.F.R. §§ 240.10b-5; 240.13b2-1] and from aiding and abetting violations of Sections 10(b), 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a) and 78m(b)(2)(A)] and Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13 and 13b2-1 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, and 240.13b2-1];

(b)     orders Defendant to disgorge, relinquish or forgo all bonuses related to his employment for the years 2000 through 2002 and profits gained as the result of the conduct alleged in the Complaint, plus prejudgment interest, and to pay a penalty of $750,000 under Section 21(d) of the Exchange Act, as follows:

   (i)     Defendant shall forgo all legal and equitable rights, title, and interest in a deferred compensation account maintained by Time Warner, Inc. which presently has a balance of $3,331,719.88; and

   (ii)     Defendant shall pay an amount equal to the settlement amount, $3,972,107, less the final balance of the aforementioned deferred compensation account.

(c)     prohibits Defendant for a period of ten years, pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(c) of the Securities Act [15 U.S.C. § 77t(e)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.      Defendant acknowledges that, in light of paragraph 2(b) above, he has no legal or equitable right, title, or interest in any bonus or deferred compensation related to his employment for the years 2000 through 2002.

4.      Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

5.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

3

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

4

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding and matters arising from or relating to transactions reviewed by the independent examiner engaged by Time Warner Inc. pursuant to the Final Judgment entered in March 2005. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.      Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

5

compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the

6

Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting

the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-

prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over

Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated:_____        _____

                                   David M. Colburn

       On _____, 2008, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                   _____

                                   Notary Public
                                   Commission expires:


Approved as to form:


_____
Carl S. Kravitz, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW,  Suite 1000
Washington, DC 20036-5802
(202) 778-1800

Attorney for Defendant

7

Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting

the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-

prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over

Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: April 10, 2008

David M. Colburn

On April 10 , 2008, David M. Colburn , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

Approved as to form:

Carl S. Kravitz

Carl S. Kravitz, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-5802
(202) 778-1800

Attorney for Defendant

Julie L. Allard
Notary Public, District of Columbia
My Commission Expires 08-31-2008

7

## United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (          )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS

Docket Support Unit

Revised: April 9, 2006

**United States District Court**
**Southern District of New York**
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, N.Y. 10007-1213**

```
------------------------------------------X
                                          |
                                          |          NOTICE OF APPEAL
                                          |
            -V-                           |
                                          |
                                          |          civ.          (   )
                                          |
                                          |
------------------------------------------X
```

Notice is hereby given that _____
                                                    (party)

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]




entered in this action on the _____ day of _____ , _____ .
                                       (day)                (month)              (year)


                                            _____
                                                        (Signature)

                                            _____
                                                        (Address)

                                            _____
                                                 (City, State and Zip Code)

Date: _____          (      ) _____-_____
                                                  (Telephone Number)


**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

## United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

---------------------------------------------X
|
|                           **MOTION FOR EXTENSION OF TIME**
|                           **TO FILE A NOTICE OF APPEAL**
|
-V-                         |
|                           civ.                (    )
|
|
---------------------------------------------X

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully

(party)

requests leave to file the within notice of appeal out of time. _____

(party)

desires to appeal the judgment in this action entered on _____ but failed to file a

(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____     (     ) _____-_____

(Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be <u>received</u> in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

<u>FORM 2</u>

# United States District Court
## Southern District of New York
### Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |        NOTICE OF APPEAL
                                          |             AND
         -V-                              |   MOTION FOR EXTENSION OF TIME
                                          |
                                          |        civ.           (   )
                                          |
                                          |
------------------------------------------X
```

1.    Notice is hereby given that _____ hereby appeals to

            (party)

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.

                    [Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in

            (party)

accordance with Fed. R. App. P. 4(a)(5).

      a.    In support of this request, _____ states that

                                (party)

this Court's judgment was received on _____ and that this form was mailed to the

                            (date)

court on _____ .

            (date)

                            _____
                                    (Signature)

                            _____
                                    (Address)

                            _____
                            (City, State and Zip Code)

Date: _____        (   ) _____-_____
                                    (Telephone Number)

<u>Note</u>: You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the
District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if
the United States or an officer or agency of the United States is a party).

<u>APPEAL FORMS</u>

Docket Support Unit

Revised: April 9, 2006

FORM 3

## United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |            AFFIRMATION OF SERVICE
                                          |
            -V-                           |
                                          |      civ.          (   )
                                          |
                                          |
------------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____


Date: _____
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Signature)

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Address)

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　(City, State and Zip Code)

Revised: April 9, 2006